1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**NELSON MULLINS RILEY & SCARBOROUGH LLP**
Michael J. Hurvitz (SBN: 249050)
750 B Street, Suite 2200
San Diego, CA 92101
Telephone:  619.489.6165
Facsimile:  619.821.2834
mike.hurvitz@nelsonmullins.com

Jenny A. Covington (SBN: 233625)
1600 Utica Avenue South, Suite 600
Minneapolis, MN 55416
Telephone:  612.464.7626
Facsimile:  612.255.0739
jenny.covington@nelsonmullins.com

Attorneys for Defendant
TANDEM DIABETES CARE, INC.

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH HIGGINBOTTOM, individually on behalf of heirs, and as Personal Representative of the ESTATE OF ANTHONY HIGGINBOTTOM, <br><br> Plaintiff, <br><br> vs. <br><br> DEXCOM, INC. and TANDEM DIABETES CARE, INC., <br><br> Defendants. | Case No. **'24CV0195 WQHBLM** <br><br> (Removed from San Diego Superior Court, Case No: 37-2024-00003700-CU-PL-CTL) <br><br> **DEFENDANT TANDEM DIABETES CARE, INC.'S NOTICE OF REMOVAL OF ACTION PURSUANT TO JURISDICTION UNDER 28 U.S.C. §§ 1332, 1441, AND 1446** <br><br> Trial Date:        None <br> Action Filed:    January 26, 2024 |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA:**

Please take notice that Defendant Tandem Diabetes, Care, Inc. ("Tandem"), pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, removes this case from the Superior Court, San Diego County, to the United States District Court for the Southern District of California.  In support of this Notice of Removal, Tandem states as follows:

/ / /

NELSON MULLINS RILEY & SCARBOROUGH LLP
ATTORNEYS AT LAW
SAN DIEGO

**Factual Background**

1.     On January 26, 2024, Plaintiff Joseph Higginbottam, individually and as Personal Representative of the Estate of Anthony Higginbottom ("Plaintiff") filed a lawsuit in the San Diego County Superior Court entitled as follows: *Joseph Higginbottam, individually and as Personal Representative of the Estate of Anthony Higginbottom vs. Dexcom, Inc. and Tandem Diabetes Care, Inc.*, Case No. 37-2024-00003700-CU-PL-CTL.  Pursuant to 28 U.S.C.  § 1446, a true and correct copy of the Complaint is attached hereto as Exhibit A.

2.     The Complaint alleges various product liability and negligence claims related to the Tandem t:slim X2™ Insulin Pump.  While Tandem contests the adequacy of the pleading, it appears the Complaint asserts claims sounding in strict liability—design defect, manufacturing defect, failure to warn, and negligence (*See* Compl.).

3.     Tandem has not been served with the Complaint.

4.     A review of the Register of Actions of the Superior Court for the County of San Diego indicates that no proofs of service of the summons and complaint on any party have been filed.  A true and correct copy of the Register of Actions is attached hereto as Exhibit B.  Tandem is informed and believes the Complaint has not been served on any defendant named in this action.

5.     The Complaint was the first pleading, notice, order, or other paper from which it could be ascertained that this action is removeable. *See* 28 U.S.C. § 1446(b)(1). Accordingly, this Notice of Removal is timely filed.

**Venue**

6.     Venue is proper in this Court pursuant to 28 U.S.C. §§ 115, 1391, 1441(a), and 1446(a) because the San Diego County Superior Court, where the Complaint was filed, is a state court within the Southern District of California.

/ / /

NELSON MULLINS RILEY & SCARBOROUGH LLP
ATTORNEYS AT LAW
SAN DIEGO

1

NELSON MULLINS RILEY & SCARBOROUGH LLP
ATTORNEYS AT LAW
SAN DIEGO

## Jurisdiction

7.    This Court has subject matter jurisdiction under 28 U.S.C. § 1332(a) because (i) there is complete diversity of citizenship between Plaintiff and Tandem; (ii) the amount in controversy exceeds $75,000, exclusive of interests and costs; and (iii) Tandem has satisfied the procedural requirements for removal.

**I.    There is complete diversity of citizenship between Plaintiff and Tandem.**

8.    There is complete diversity of citizenship between the parties in this case. Plaintiff is a citizen of Wyoming. Exhibit A, ¶ 2. Because Tandem is a corporation, it is a citizen of any state in which it was incorporated and the state where it has its principal place of business. 28 U.S.C. § 1332. Tandem is incorporated in the State of Delaware and has its principal place of business in California. Exhibit A, ¶ 6. Therefore, there is diversity of citizenship between Plaintiff and Tandem.

9.    Dexcom is incorporated and has its principal place of business in California. Exhibit A, ¶ 5. See also, *Erhman v. Cox Commc'ns, Inc.,* 932 F. 3d 1223, 1227 (9th Cir. 2019) (in notice of removal, "a defendant's allegations of citizenship may be based solely on information and belief"); *Carolina Cas. Ins. Co. v. Team Equip, Inc*., 741 F.3d 1082, 1086 (9th Cir. 2014) (permitting pleading of citizenship on information and belief.)

**II.    The amount in controversy exceeds $75,000.**

10.    Federal law limits federal diversity jurisdiction to matters for which the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(b); *see also* 28 U.S.C. § 1446(c)(2). "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 88-89 (2014); see also, *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). Though Tandem denies any liability to Plaintiff, his allegations of wrongful death and punitive damages plainly place more than $75,00 in controversy. As Plaintiff alleges that the

NELSON MULLINS RILEY & SCARBOROUGH LLP
ATTORNEYS AT LAW
SAN DIEGO

decedent died in a car crash after he passed out behind the wheel of a car allegedly due to an improper bolus of insulin from the Defendants' medical device, the amount in controversy exceeds $75,000. Compl. ¶¶ 36-54. Plaintiff also seeks punitive damages. Compl. ¶¶ 60-62. *See, also e.g., Campbell v. Bridgestone/Firestone, Inc.*, 2006 WL 707291, at *2 (E.D. Cal. Mar. 17, 2006) (amount in controversy satisfied where plaintiff assert strict products liability, negligence, and breach of warranty claims, and allegedly suffered head trauma and broken bones); *See also, Fjelstad v. Vitamin Shoppe Industries LLC*, 2021 WL 364638, *4 (C.D. Cal. 2021) (courts have traditionally found it facially apparent from complaint that amount in controversy was satisfied in cases alleging serious injuries that require surgery, meaning plaintiff's allegations of third-degree burns and permanent physical incapacitation were sufficient to establish diversity jurisdiction, despite plaintiff's failure to plead specific monetary amount). "[J]udicial experience and common sense dictate that the value of [Plaintiff's] claims (as pled) more likely than not exceeds the minimum jurisdictional requirement." *Roe v. Michelin N. Am., Inc*., 613 F.3d 1058, 1066 (11th Cir. 2010). Were Plaintiff to prevail on his claims, she would recover in excess of $75,000.

**III.   Tandem has satisfied the procedural requirements for removal.**

11.   "The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1). Here, Tandem has not been served with the Complaint, which was filed on January 26, 2024. This Notice of Removal is therefore timely because (i) fewer than thirty days have elapsed since any service of the Complaint; and (ii) this Notice of Removal has been brought less than one year after the commencement of the state action.

/ / /

DEFENDANT TANDEM DIABETES CARE, INC.'S NOTICE OF REMOVAL
OF ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446

12.   California federal courts permit removal by a home-state defendant that has not received service of the complaint.  *Hong Kong Continental Trade Co. vs. Natural Balance Pet Foods, Inc.*, 2023 WL 2664246, at *4-5 (C.D. Cal. Mar. 28, 2023).  Tandem has not been served with the Complaint and is therefore not barred from removing this action by 28 U.S.C. § 1441(b)(2) (requiring that the defendant be "properly joined and served").  The majority of District Courts and several Circuits have "consistently held a defendant may remove an action prior to receiving proper service, even when the defendant resides in the state in which the plaintiff filed the state claim." *Sherman v. Haynes & Boone*, No. 5:14-CV-01064-PSG, 2014 WL 4211118, at *1 (N.D. Cal. Aug. 22, 2014); *Loewen v. McDonnell*, No. 19-CV-00467-YGR, 2019 WL 2364413, at *7 (N.D. Cal. June 5, 2019); *Monfort v. Adomani, Inc.*, 2019 WL 131842, *3 (N.D. Cal. Jan. 8, 2019) (adopting plain language of section 1441(b)(2)); *Carreon v. Alza Corp.*, No. C 09-5623 RS, 2010 WL 539392, at *1 (N.D. Cal. Feb. 9, 2010) ("Courts in this district have routinely applied [section 1441(b)] as it is written."); *City of Ann Arbor Employees' Ret. Sys. v. Gecht*, No. C-06-7453 EMC, 2007 WL 760568, at *10 (N.D. Cal. Mar. 9, 2007) (denying motion to remand as the court was "constrained by the plain language of § 1441(b)"); *Waldon v. Novartis Pharm. Corp.*, No. C07-01988 MJJ, 2007 WL 1747128, at *3 (N.D. Cal. June 18, 2007) (denying motion to remand and following the "plain text of section 1441(b)"); *Regal Stone Ltd. v. Longs Drug Stores California, L.L.C.*, 881 F. Supp. 2d 1123, 1127 (N.D. Cal. 2012) (denying motion to remand based on plain language of section 1441(b)); *Davis v. Hoffman-LaRoche, Inc.*, No. 13-5051 JSC, 2014 WL 12647769, at *2 (N.D. Cal. Jan. 14, 2014) (recommending to deny motion to remand and stating that courts in this district "have uniformly held that the language of Section 1441(b)(2) is clear: the local-defendant rule applies only to those defendants which have been properly joined and served.") (emphasis in original), report & recommendation adopted, 2014 WL 12647768 (N.D. Cal. Jan. 31, 2014); *Saratoga*

NELSON MULLINS RILEY & SCARBOROUGH LLP
ATTORNEYS AT LAW
SAN DIEGO

*Advantage Trust Tech. & Commc'n Portfolio v. Marvell Tech. Grp., Ltd*., Case No. 15-CV-04881-RMW, 2015 WL 9269166, at \*2 (N.D. Cal. Dec. 21, 2015) (denying motion to remand and stating that because the forum defendant "had not been served at the time of removal, the forum defendant rule does not apply"). In the last year, two different courts of appeal have also adopted a plain language interpretation of section 1441(b). See *Encompass Ins. Co. v. Stone Mansion Restaurant Inc.*, 902 F.3d 147, 153-54 (3d Cir. 2018); *Gibbons v. Bristol-Myers Squibb Co*., 919 F.3d 699, 706-707 (2d Cir. 2019).

13.    Based on information and belief, and review of the Court docket, Dexcom has not been served with the Complaint.

14.    For purposes of removal based on diversity jurisdiction under 28 U.S.C. § 1332(a) and pursuant to 28 U.S.C. § 1446(b), all defendants who have been properly joined and served must consent to removal.

15.    Defendants have not been served with the Complaint.

16.    By filing this Notice of Removal, Tandem does not waive any defense that may be available to them and reserves all such defenses.  If any question arises as to the propriety of the removal to this Court, Tandem requests the opportunity to present a brief and oral argument in support of their position that this case has been properly removed.

17.    Tandem will provide written notice of this Notice to Plaintiff's counsel of record and file a written notice of this Notice (along with a true and complete copy of hereof) in the state court action, San Diego County Superior Court Case No. 37-2024-00003700-CU-PL-CTL.    Therefore, Tandem has satisfied the procedural requirements for removal.

/ / /

/ / /

/ / /

NELSON MULLINS RILEY & SCARBOROUGH LLP
ATTORNEYS AT LAW
SAN DIEGO

WHEREFORE, Defendant Tandem Diabetes Care, Inc. respectfully gives notice that the above-captioned civil action pending in San Diego County Superior Court is removed to this Court, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

Dated:          January 30, 2024          Respectfully submitted,

NELSON MULLINS RILEY & SCARBOROUGH LLP

By:     _/s/ Michael J. Hurvitz_____
        Michael J. Hurvitz

Attorneys for Defendant
TANDEM DIABETES CARE, INC.

NELSON MULLINS RILEY & SCARBOROUGH LLP
ATTORNEYS AT LAW
SAN DIEGO

DEFENDANT TANDEM DIABETES CARE, INC.'S NOTICE OF REMOVAL
OF ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446

**PROOF OF SERVICE**
**F.R.C.P. Rule 5(b)(2)(3)**

I, the undersigned, am employed in the County of Duval, State of Florida. I am over the age of 18 and not a party to the within action; am employed with Nelson Mullins Riley & Scarborough LLP and my business address is 50 N. Laura Street, Suite 4100, Jacksonville, FL 32202.

On January 30, 2024, I served the foregoing document entitled ***DEFENDANT TANDEM DIABETES CARE, INC.'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446*** on all the appearing and/or interested parties in this action by placing ☐ *the original* ☒ *a true copy* thereof as follows:

☒ **[by MAIL]** - I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postage cancellation date or postage meter date is more than one day after date of deposit for mailing this affidavit.

☐ **[by FEDERAL EXPRESS]** - I am readily familiar with the firm's practice for collection and processing of correspondence for overnight delivery by Federal Express. Under that practice such correspondence will be deposited at a facility or pick-up box regularly maintained by Federal Express for receipt on the same day in the ordinary course of business with delivery fees paid or provided for in accordance with ordinary business practices.

☒ **[by ELECTRONIC SUBMISSION]** – By transmitting such document(s) electronically from my e-mail address at Nelson Mullins Riley & Scarborough LLP to the person(s) at the electronic mail addresses listed above pursuant to Emergency Rule 12 and/or the agreement of the parties.

☒ **[by ELECTRONIC SUBMISSION]** – I served the above listed document(s) described via the United States District Court's Electronic Filing Program on the designated recipients via electronic transmission through the CM/ECF system on the Court's website. The Court's CM/ECF system will generate a Notice of Electronic Filing (NEF) to the filing party, the assigned judge, and any registered users in the case. The NEF will constitute service of the document(s). Registration as a CM/ECF user constitutes consent to electronic service through the court's transmission facilities.

☐ **[by PERSONAL SERVICE]** - I caused to be delivered by messenger such envelope(s) by hand to the office of the addressee(s). Such messenger is over the age of eighteen years and not a party to the within action and employed with [attorney service].

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed January 30, 2024 at Jacksonville, FL.

Allison Abbott
Print Name

By: *Allison Abbott*
Signature

NELSON MULLINS RILEY & SCARBOROUGH LLP
ATTORNEYS AT LAW
SAN DIEGO

## <u>SERVICE LIST</u>

Melissa A. Rosadini-Knott, Esq.
Peiffer Wolf Carr Kane Conway & Wise, LLP
3435 Wilshire Blvd., Suite 1400
Los Angeles, CA 90010
mrosadini@peifferwolf.com

Robert M. Hammers, Jr., Esq.
Hammers Law Firm, LLC
5555 Glenridge Connector, Suite 975
Atlanta, GA 30342
rob@hammerslawfirm.com

Jason E. Ochs, Esq.
Ochs Law Firm
P.O. Box 10944
Jackson, WY 83002
jason@ochslawfirm.com

*Attorneys for Plaintiff*

4875-2718-3777

PROOF OF SERVICE