MELISA A. ROSADINI-KNOTT (Bar No. 316369)
PEIFFER WOLF CARR KANE CONWAY & WISE, LLP
3435 Wilshire Boulevard, Suite 1400
Los Angeles, CA 90010
Telephone : (323) 982-4109
Facsimile :  (415) 840-9435
Email: mrosadini@peifferwolf.com

ROBERT M. HAMMERS, JR. (PHV application forthcoming)
5555 Glenridge Connector, Suite 975
Atlanta, Georgia 30342
Telephone: (770) 900-9000
Email: rob@hammerslawfirm.com

JASON EDWARD OCHS (Bar No. 232819)
P.O. Box 10944
Jackson, WY  83002
Telephone: 307.234.3239
Facsimile: 307.235.6910
Email: jason@ochslawfirm.com

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH HIGGINBOTTOM, individually on behalf of heirs, and as Personal Representative of the ESTATE OF ANTHONY HIGGINBOTTOM,<br><br>Plaintiff,<br><br>v.<br><br>DEXCOM, INC.;<br>TANDEM DIABETES CARE, INC.; and DOES 1-50, inclusive,<br><br>Defendants. | Case No. 3:24-cv-00195-WQH-BLM<br><br>**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND**<br><br>Hon. William Q. Hayes<br>Date:    April 8, 2024<br><br>**NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT** |

## <u>TABLE OF CONTENTS</u>

I.   INTRODUCTION ...................................................................................... 4

II.   PROCEDURAL BACKGROUND ................................................................ 5

III.   LEGAL ARGUMENT ............................................................................... 6

   A.   Forum Defendants Cannot Remove ............................................. 6

   B.   Tandem Failed to Complete Removal Before Being Served .................... 7

   C.   The Elements for Colorado River Abstention are Present ...................... 9

IV.   CONCLUSION ...................................................................................... 11

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND

# TABLE OF AUTHORITIES

**Cases**

*Carlson v. State of California Dep't of Fish & Game*, 68 Cal. App. 4th 1268 (1998)9

*Casola v. Dexcom, Inc.*, Case No.: 22cv1865-JO-MDD (S.D. Cal. Mar. 31, 2023) ..9

*Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976) .....6, 10

*Gaus v. Miles, Inc.*, 980 F.2d 564 (9th Cir. 1992)........................................................6

*Kokkonen v. Guardian life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)......................6

*Lively v. Wild Oats Mkts., Inc.*, 456 F.3d 933 (9th Cir. 2006) ...................................7

*Loya v. Desert Sands Unified School Dist.*, 721 F.2d 279 (9th Cir. 1983) ................9

*Moses H Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1 (1983).............11

*R.R. St. & Co. v. Transp. Ins. Co.*, 656 F.3d 966 (9th Cir. 2011) ...........................10

*Seneca Insurance Company, Inc. v. Strange Land, Inc.*, 832 F.3d 835 (9th Cir. 2017)
.................................................................................................................................10

*Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941) ......................................6

*Spencer v. U.S. District Court for N. Dist. of Cal.*, 393 F.3d 867, 870 (9th Cir. 2004)
...................................................................................................................................7

*U.S. v. Dae Rim Fishery Co., Ltd.*, 794 F.2d 1392 (9th Cir. 1986)............................9

**Statutes**

28 U.S.C. § 1332..........................................................................................................6

28 U.S.C. § 1332(c)(1) ................................................................................................7

28 U.S.C. § 1441..........................................................................................................6

28 U.S.C. § 1441(b)(2) ................................................................................................7

28 U.S.C. § 1446(a) .....................................................................................................7

28 U.S.C. § 1446(b)(1) ................................................................................................7

28 U.S.C. § 1446(b)(2)(A)...........................................................................................7

28 U.S.C. § 1446(d) .....................................................................................................7

28 U.S.C. § 1447(d).....................................................................................................11

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

Plaintiff Joseph Higginbottom, individually on behalf of heirs, and as Personal Representative of the Estate of Anthony Higginbottom ("Plaintiff"), by and through his undersigned counsel, hereby submits this Brief in Support of Plaintiff's Motion to Remand.

## I.   <u>INTRODUCTION</u>

This case belongs in the San Diego Superior Court. Currently, at least 21 similar cases against Dexcom, Inc. ("Dexcom") are being litigated there.[1]  Anthony Higginbottom died at just 16 years old because his continuous glucose monitoring system—designed, manufactured, and sold by Dexcom—and his integrated insulin pump—designed, manufactured, and sold by Tandem Diabetes Care, Inc. ("Tandem")—failed to work as designed. The two devices are designed to work together as an integrated system, however, due to a device malfunction, Anthony misread his glucose levels and allowed his pump to administer two boluses of insulin too close together, ultimately triggering a hypoglycemic event. This event resulted in a fatal motor vehicle collision in Cheyene, Wyoming. See Exh. A. The performance and design of these glucose monitoring and maintenance devices, along with the adequacy of their warnings, make up the substantive basis of these cases. Id.

Tandem, acting alone and after this Court has remanded nearly two dozen Dexcom cases, attempted the same ill-favored forum defendant removal tactic to try and avoid the most appropriate forum: Plaintiff's chosen forum—San Diego Superior Court.

"Snap" removal is not cute; it is unbecoming procedural gamesmanship. As the various district court judges ruled in earlier Orders of remand in related cases.

---

[1] Plaintiff's Counsel filed 3 additional cases solely against Dexcom, bringing the number to 24 filed cases. Dexcom has not sought to remove. Plaintiff expects these cases will be coordinated and handled as a related litigation. See Exh. F.

See Exh. E.

## II.      PROCEDURAL BACKGROUND

Plaintiff filed his Complaint on Friday, January 26, 2024 in the Superior Court of San Diego, California, civil action file no. 37-2024-00003700-CU-PL-CTL ("State Court Action"). Exh. A.  After receiving an electronic docketing notice on January 29, 2024, Mr. Higginbottom's process server personally served both Dexcom and Tandem  at 1:37 p.m. PST, January 30, 2024. See Exh. B.

However, Tandem apparently had advance notice of the lawsuit, so it initiated a removal of the State Court Action at 12:38 p.m. PST, January 30, 2024, before having a stamped copy of the lawsuit to include with its removal notice. See [Doc. 1, Exh. A]; Exh. C. Furthermore, associated case initiation filings were not included in the removal, as required by 28 U.S.C. § 1446(a). Tandem's counsel took the position that removal happened before personal service because it initiated the removal at 12:38 p.m. PST; yet, the Clerk of Court for the United States District Court for the Southern District of California identifies the filing of the removal at 3:50 p.m. PST, after service upon all defendants had been perfected. See Exh. B & Exh. C.

Moreover, Tandem did not obtain consent from Dexcom prior to initiating its removal nor has it obtained that consent to date, and did not include all pleadings associated with initiating lawsuit in the removal. See [Doc. 1; Exh. A]. These procedural failures leave Tandem's removal wanting.

Undeterred by its procedural failures in completing the removal, Tandem further ignored the various district court judges' clear message in numerous orders remanding cases where Dexcom, also a forum defendant in related litigation, previously attempted "snap" removal.[2]  See Exh. E. Even if Tandem had properly

---

[2] Three cases: *Glenn v. Dexcom, Inc.*, Case No.: 3:22-cv-1866; *Kimbler v. Dexcom, Inc.*, Case No.: 3:22-cv-1867; and *Monahan v. Dexcom, Inc.*, Case No.: 3:22-cv-

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND

1  completed its removal, which it assuredly did not, the various remand orders

2  addressing removal by a forum defendant demonstrate why this tactic is disfavored

3  and commonly results in remand. Id.

4       Ultimately, if this Court has any reservation about remanding under the

5  specific facts of this specific attempt at removal, the court may exercise its

6  abstention powers utilizing a *Colorado River* analysis. *See Colo. River Water*

7  *Conservation Dist. v. United States*, 424 U.S. 800 (1976).

8  **III.   LEGAL ARGUMENT**

9     **A. Forum Defendants Cannot Remove**

10     A defendant may remove a state action to federal court only if the federal

11  court would originally have had federal question or diversity jurisdiction over the

12  matter. *See* 28 U.S.C. § 1441; *Kokkonen v. Guardian life Ins. Co. of Am*., 511 U.S.

13  375, 377 (1994). Because federal courts are courts of limited jurisdiction, there is a

14  strong presumption against removal jurisdiction. *Kokkonen*, 511 U.S. at 377 (1994);

15  *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-9 (1941). This "strong

16  presumption against removal jurisdiction means that the defendant always has the

17  burden of establishing that removal is proper." *Gaus v. Miles, Inc*., 980 F.2d 564,

18  566 (9th Cir. 1992). Thus, a court must reject federal jurisdiction "if there is any

19  doubt as to the right of removal in the first instance." Id.

20     The removal in this case rests solely on diversity jurisdiction because Plaintiff

21  and Tandem are citizens of different states: Wyoming and California, respectively.

22  Diversity jurisdiction requires both complete diversity of citizenship of the parties

23  and an amount in controversy exceeding $75,000. 28 U.S.C. § 1332. These two

24  elements are present here; however, Tandem fails the "forum defendant rule"

25  because a civil action may not be removed if any defendant is a citizen of the state

26

27  1872 are now administratively closed pending appeal to Ninth Circuit. The district
   court found these three cases failed to file a motion to remand within thirty days of
28  removal. 28 U.S.C. § 1447(c).

where the complaint was filed. 28 U.S.C. § 1441(b)(2). For the purposes of diversity jurisdiction, "a corporation shall be deemed to be a citizen of every State … where it has its principal place of business…" 28 U.S.C. § 1332(c)(1).

Here, both Tandem and Dexcom are forum defendants, and therefore, the forum defendant rule makes removal of this matter improper. More specifically, the forum defendant rule "confines removal on the basis of diversity jurisdiction to instances where no defendant is a citizen of the forum state." *Lively v. Wild Oats Mkts., Inc.*, 456 F.3d 933, 939 (9th Cir. 2006); *see also Spencer v. U.S. District Court for N. Dist. of Cal.*, 393 F.3d 867, 870 (9th Cir. 2004). Diversity jurisdiction exists to protect out-of-state defendants from bias or "potential prejudices in state court", so the bar to removal by forum defendants reflects the absence of the reason for diversity of citizenship removals in the first place. *See Lively*, 456 F.3d at 942. Simply, Tandem had no right to remove, and accordingly, this case must be remanded.

### B. <u>Tandem Failed to Complete Removal Before Being Served</u>

Next, the removal statute provides a defendant must file a notice of removal upon receipt "of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based[.]" 28 U.S.C. § 1446(b)(1). Further, a defendant's removal must include "a copy of all process, pleadings, and orders served upon such defendant…" 28 U.S.C. § 1446(a). Further, a defendant must also obtain consent of all defendants properly joined and served in order to remove a case to federal court. See 28 U.S.C. § 1446(b)(2)(A). Finally, after filing a notice of removal, a defendant "shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court, which shall effect the removal and the State court shall proceed no further unless and until the case is remanded." 28 U.S.C. § 1446(d).

Here, Tandem failed to comply with all of these statutory requirements. First, the notice of removal only contains a copy of the unstamped state court complaint

1  and does not include the other filings within the state court docket. See [Doc. 1;

2  Exh. A]. Second, Tandem did not obtain consent from Dexcom before initiating the

3  removal. [Doc. 1].

4      Tandem mistakenly relies upon initiating its removal before being served, and

5  therefore, may remove despite the forum defendant prohibition. This presumption is

6  wrong for several reasons.

7      First, District Court Judge Jinsook Ohta rejected an argument similar to

8  Tandem's here, namely, that a forum defendant may remove a matter if the removal

9  is completed before service on the forum defendant is perfected. In Judge Ohta's

10  August 2023 Order of Remand in another Dexcom case (Mund v. Dexcom, Inc.),

11  the court made clear:

> Despite its admitted status as a California citizen,
> Defendant argues that it evaded the forum defendant rule
> simply by filing a Notice of Removal prior to being served.
> Defendant points to the language of § 1441(b)(2) which
> prohibits the removal of a diversity action "if any of the
> parties in interest properly joined and served as
> defendants." §1441(b)(2). Because Dexcom, the only
> defendant in the case, had not yet been served. the company
> argued that the forum defendant rule does not apply. The
> Court does not credit Dexcom's interpretation of this
> statutory language to circumvent the forum defendant rule.
> The clear purpose of the forum defendant rule is to prevent
> "a local defendant from removing on the basis of diversity
> jurisdiction" and, thereby, "allow[] the plaintiff to regain
> some control over forum selection". Lively, 456 F.3d at
> 940; Home Depot U.S.A., Inc. v. Jackson, 139 S. Ct. 1743,
> 1748 (2019) ("[W]hen federal jurisdiction is based on
> diversity jurisdiction…the case may not be removed if any
> defendant is a Citizen of the State in which such action is
> brought"). Here, Dexcom is the only defendant in the case
> and, admittedly, a California citizen. To interpret the
> language of the forum defendant rule to allow Defendant to
> evade this limitation simply by removing the case before it
> is served does not serve the purpose of the removal statutes.

28  Case No.: 22cv01990-JO-MMP ; Exh. E at 48.

Judge Ohta's rationale is persuasive and should be followed here. So, as a forum defendant, Tandem may not remove even if the removal occurred before service was perfected (which, as explained herein, it did not).

Turning more specifically to service, Plaintiff perfected service upon Dexcom, a forum defendant, and Tandem, also a forum defendant, on January 30, 2024 at 1:37 p.m. PST. Exh. B. Tandem argues it properly removed this case at 12:38 p.m. PST because it initiated its removal filing at that time. Exh. C. Defendant's fast-and-loose play with the timeline of this matter is a note off key.

Importantly, the U.S. District Court Clerk for the Southern District of California docketed the removal at 3:50 p.m. PST on January 30, 2024— hours after service was complete. Exh. B & Exh. C.

California law does not recognize the time of initiation as the time of filing unless considering timeliness for statute of limitation purposes. *U.S. v. Dae Rim Fishery Co., Ltd.*, 794 F.2d 1392 (9th Cir. 1986), *Loya v. Desert Sands Unified School Dist.*, 721 F.2d 279 (9th Cir. 1983), and *Carlson v. State of California Dep't of Fish & Game*, 68 Cal. App. 4th 1268 (1998).

Judge Ohta, in another Dexcom remand order, addressed such an argument. *See Casola v. Dexcom, Inc.*, Case No.: 22cv1865-JO-MDD (S.D. Cal. Mar. 31, 2023). Like Mund, Tandem is, again, aware of the Casola decision; it's chosen to proceed regardless. In *Casola*, the court rejected the time of filing and limited the cases related to the time of filing to cases involving a harsh result for defects in pleadings submitted prior to the expiration of the statute of limitations. Exh. E, 5-6. Because the initiation of the removal action occurred after Plaintiff effectuated service on Tandem (1:37 p.m. PST service, 3:50 p.m., PST case initiation), this case must be remanded pursuant to the forum defendant prohibition of removal.

## C. The Elements for Colorado River Abstention are Present

Finally, even if Tandem's removal met procedural requirements for a forum defendant to remove the case, Tandem cannot defeat *Colorado River* abstention

9

under the exceptional circumstances of this case. *See Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976). A district court must exercise its jurisdiction unless "exceptional circumstances … serv[ing] an important countervailing interest" justify *Colorado River* abstention. *Colo. River*, 424 U.S. at 813. Such exceptional circumstances exist here.

The United States Supreme Court identified the following three factors to consider in determining whether abstention is appropriate: (1) inconvenience of the federal forum; (2) the desirability of avoiding piecemeal litigation; and (3) the order in which jurisdiction was obtained by courts involved. Id. at 818. The Ninth Circuit expanded the factors for the *Colorado River* multi-pronged test in determining whether "exceptional circumstances" exist warranting federal abstention from concurrent federal and state proceedings:

(1) which court first assumed jurisdiction over any property at stake;

(2) the inconvenience of the federal forum;

(3) the desire to avoid piecemeal litigation;

(4) the order in which the forums obtained jurisdiction;

(5) whether federal law or state law provides the rule of decision on the merits;

(6) whether the state court proceedings can adequately protect the rights of the federal litigants;

(7) the desire to avoid forum shopping; and

(8) whether the state court proceedings will resolve all issues before the federal court.

*R.R. St. & Co. v. Transp. Ins. Co*., 656 F.3d 966, 978-79 (9th Cir. 2011); *see also Seneca Insurance Company, Inc. v. Strange Land, Inc*., 832 F.3d 835, 841-42 (9th Cir. 2017). "No one factor is necessarily determinative." *Colo. River*, 424 U.S. at 818. Furthermore, "[t]he weight to be given to any one factor may vary greatly from case to case." *Moses H Cone Mem'l Hosp. v. Mercury Constr. Corp*., 460 U.S.

10

1, 16 (1983).

Here, most, if not all of the factors weigh in favor of abstention. First, the Dexcom cases all began in San Diego Superior Court. Federal court is an inconvenient forum to hear a single integrated diabetes monitoring system, especially when approximately 24 cases are currently progressing in San Diego Superior Court – the very county where Tandem and Dexcom reside. Indeed, this would be the archetype of piecemeal litigation Colorado River abstention is designed to avoid; particularly when substantial progress has been made in earlier filed state court cases.

Tandem is blatantly forum shopping. San Diego Superior Court adequately protects the rights of all the litigants involved in this state law-based tort action, and a state court possesses the capability to analyze the only foreseeable federal law factor favoring Tandem: whether Mr. Higginbottom's state law claims are preempted by the Federal Food, Drug, and Cosmetics Act found in 21 U.S.C. § 360k(a) as analyzed in *Riegal v. Medtronic, Inc*., 552 U.S. 312 (2008). Federal preemption analyses are routine in state court drug and medical device cases, and therefore, not a compelling reason to override the other extraordinary factors favoring abstention.

Finally, as with the issues of the propriety of a forum defendant removing an action and the whether the procedural requirements for removal are met, this Court's discretion to invoke Colorado River abstention and decline jurisdiction is not reviewable for diversity proceedings. *See* 28 U.S.C. § 1447(d).

## IV.   CONCLUSION

For all the reasons set forth here, Tandem's removal of this matter is improper, and Plaintiff requests that this Court remand the matter to the Superior Court of San Diego.

DATED:  February 29, 2024

By: _____ */s/ Melisa A. Rosadini-Knott*_____
Melisa A. Rosadini-Knott
PEIFFER     WOLF     CARR     KANE
CONWAY & WISE, LLP
3435 Wilshire Boulevard, Suite 1400
Los Angeles, CA 90010
Telephone : (323) 982-4109
Facsimile :  (415) 840-9435
Email:  mrosadini@peifferwolf.com

DATED:  February 29, 2024

By: _____ */s/ Robert M. Hammers*_____
Robert M. Hammers, Jr. (*Pro hace vice*
application forthcoming)
HAMMERS LAW FIRM, LLC
5555 Glenridge Connector, Suite 975
Atlanta, Georgia 30342
(770) 900-9000
Email: rob@hammerslawfirm.com

DATED:  February 29, 2024

By: _____ */s/ Jason E. Ochs*_____
Jason Edward Ochs
OCHS LAW FIRM
PO Box 10944
Jackson, WY  83002
T: 307.234.3239
F: 307.235.6910
Email: jason@ochslawfirm.com

*Attorneys for Plaintiff*

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND

# CERTIFICATE OF SERVICE
FRCP 5(b)(2)(3)

I, the undersigned, am over the age of 18 and not a party to the within action; my business address is: 3435 Wilshire Boulevard, Suite 1400, Los Angeles, California 90010.

On February 29, 2024, I served the foregoing document(s) described as:

**PLAINTIFF'S NOTICE OF MOTION AND MOTION TO REMAND TO SUPERIOR COURT OF SAN DIEGO, CALIFORNIA; MEMORANDUM OF POINTS AND AUTHORITIES**

on the interested parties in this action by electronically transmitting the foregoing document to persons as stated on the attached service list:

☒    **[by ECF ELECTRONIC SUBMISSION]** – I served the above listed document(s) described via the United States District Court's Electronic Filing Program on the designated recipients via electronic transmission through the CM/ECF system on the Court's website. The Court's CM/ECF system will generate a Notice of Electronic Filing (NEF) to the filing party, the assigned judge, and any registered users in the case. The NEF will constitute service of the document(s). Registration as a CM/ECF user constitutes consent to electronic service through the court's transmission facilities.

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct and that I am a member of and/or employed in the office of a member of the this Court at whose direction the service was made.

Executed on February 29, 2024 at Los Angeles, California.

Melisa Rosadini-Knott

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND