UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH HIGGINBOTTOM, individually on behalf of heirs, and as Personal Representative of the ESTATE OF ANTHONY HIGGINBOTTOM,<br><br>Plaintiff,<br><br>v.<br><br>DEXCOM, INC.; and TANDEM DIABETES CARE, INC.,<br><br>Defendants. | Case No.: 24-cv-0195-WQH-BLM<br><br>**ORDER** |

HAYES, Judge:

The matter before the Court is the Motion for Certification of Interlocutory Appeal filed by Plaintiff Joseph Higginbottom (ECF No. 37).

**I.   PROCEDURAL BACKGROUND**

On January 26, 2024, Plaintiff initiated this action, individually and on behalf of the Estate of Anthony Higginbottom, by filing a Complaint in the Superior Court of California, County of San Diego, Case No. 37-2024-00003700-CU-PL-CTL. (*See* ECF Nos. 1-2, 1-3.)

On January 30, 2024, Defendant Tandem Diabetes Care, Inc. ("Tandem") removed the action to this Court on the basis that there is complete diversity between Plaintiff and

1

Tandem, the amount in controversy exceeds $75,000, and Tandem satisfied the procedural requirements for removal. (ECF No. 1, NOR.)

On February 29, 2024, Plaintiff filed the Motion to Remand, which requested, in relevant part, that the Court remand the action to state court on the basis that it lacked subject matter jurisdiction and the removal was procedurally improper. (ECF No. 10.)

On August 13, 2024, the Court issued an Order denying the Motion to Remand. (ECF No. 35.) The Court found that diversity jurisdiction exists over this matter because, as alleged in the Complaint,[1] Plaintiff is a citizen of Wyoming, Tandem and Defendant Dexcom, Inc. ("Dexcom") (collectively, "Defendants") are citizens of California, and the amount in controversy requirement has been satisfied. (ECF No. 35 at 8–9 (citing NOR at 3; ECF No. 1-2 ¶¶ 2–7; ECF No. 10-1 at 6–7).) The Court also found that, contrary to Plaintiff's contention otherwise, "the Notice of Removal was not procedurally defective on forum defendant grounds." *Id.* at 13. The Court reached this conclusion after finding that "the plain language" of the forum defendant rule is "unambiguous" that "removal is prohibited where a forum defendant has been 'properly joined and served.'" *Id.* at 11 (quoting 28 U.S.C. § 1441(b)(2)). The Court found that, although Tandem is a citizen of the forum state of California, the forum defendant rule was inapplicable because Tandem filed the Notice of Removal "prior to the time when Defendants were served." *Id.* at 10, 13. The Court accordingly found that Tandem's "snap removal"[2] of this action before

---

[1] As the Court noted in its prior Order, the Court considered only the Original Complaint when ruling on the Motion to Remand because, as a general matter, "whether remand is proper must be ascertained on the basis of the pleadings at the time of removal." (ECF No. 35 at 2 n.1 (quoting *Broadway Grill, Inc. v. Visa Inc.*, 856 F.3d 1274, 1277 (9th Cir. 2017)).)

[2] "Snap removal" is the term often used to describe when a defendant "fil[es] its notice[ ] of removal before service of the summons and complaint." *Casola v. Dexcom, Inc.*, 98 F.4th 947, 950 (9th Cir. 2024).

service was effectuated was not procedurally defective and did not warrant remand. *Id.* at 13.[3]

On August 23, 2024, Plaintiff filed the Motion for Certification of Interlocutory Appeal. (ECF No. 37.) Plaintiff requests that the Court

> certify the following question for an immediate interlocutory appeal: Does a forum defendant's removal of a state court action pursuant to 28 U.S.C. § 1441(b)(2) prior to it being "properly joined and served" produce an absurd result that renders the purpose of the forum-defendant rule meaningless, and therefore, could not have been intended by Congress?

(ECF No. 37-1 at 5.)

On September 16, 2024, Defendants filed a Response in opposition to the Motion for Certification of Interlocutory Appeal. (ECF No. 40.) Defendants "assume, but do not concede," that the Order denying remand "involves a controlling question of law." *Id.* at 7 n.2. Defendants contend, however, that Plaintiff fails to demonstrate that there is a substantial ground for difference of opinion on the propriety of snap removal or that an interlocutory appeal would materially advance the termination of the litigation. *Id.* at 7–10.

## II. LEGAL STANDARD

A district court may certify an otherwise non-appealable order for review by an appellate court when three conditions are met: (1) an order "involves a controlling question of law"; (2) there is "substantial ground for difference of opinion"; and (3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). All three criteria must be met in order for a district court to certify an issue for interlocutory appeal. *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010).

---

[3] In the same Order, the Court also granted Tandem's Motion to Dismiss (ECF No. 15) and Dexcom's Motion to Dismiss (ECF No. 16), dismissing Plaintiff's claims against both defendants without prejudice and with leave to amend. (ECF No. 35 at 38.) On September 3, 2024, Plaintiff filed the Second Amended Complaint ("SAC"), the operative pleading. (ECF No. 38.) On September 11, 2024, Plaintiff filed a Motion to Add Jodi Higginbottom as a Party Plaintiff. (ECF No. 39.) On September 17, 2024, Tandem and Dexcom each filed Motions to Dismiss the SAC. (ECF Nos. 41, 42.) These three Motions (ECF Nos. 39, 41 & 42) remain pending before the Court.

"Section 1292(b) is a departure from the normal rule that only final judgments are appealable, and therefore must be construed narrowly." *James v. Price Stern Sloan, Inc.*, 283 F.3d 1064, 1067 n.6 (9th Cir. 2002); *United States v. Woodbury*, 263 F.2d 784, 788 n.11 (9th Cir. 1959) (Section 1292(b) "is to be applied sparingly and only in exceptional cases …."). The party seeking the interlocutory appeal bears the burden of establishing that the requirements for certification are met. *Couch*, 611 F.3d at 633.

## III. DISCUSSION

### A.  Controlling Question of Law

A question is "controlling" for purposes of § 1292(b) where "resolution of the issue on appeal could materially affect the outcome of litigation in the district court." *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1981). Plaintiff contends that this requirement is satisfied because a ruling on the propriety of Tandem's snap removal "is necessarily outcome determinative." (ECF No. 37-1 at 3.) Defendants "assume, but do not concede," that the "controlling question of law" requirement is satisfied. (ECF No. 40 at 7 n.2.) Because the Court finds Plaintiff has failed to satisfy the other two prerequisites for certifying an interlocutory appeal under § 1292(b), the Court assumes without deciding that the "controlling question of law" requirement is met here.

### B.  Substantial Ground for Difference of Opinion

"To determine if a 'substantial ground for difference of opinion' exists under § 1292(b), courts must examine to what extent the controlling law is unclear." *Couch*, 611 F.3d at 633. "Courts traditionally will find that a substantial ground for difference of opinion exists where the circuits are in dispute on the question and the court of appeals of the circuit has not spoken on the point, if complicated questions arise under foreign law, or if novel and difficult questions of first impression are presented." *Id*. (internal citations and quotation marks omitted).

Plaintiff contends that there is a substantial ground for difference of opinion regarding the propriety of snap removal, "[g]iven the disagreement in the analysis among the nation's preeminent jurists in both this Circuit and federal appellate courts throughout

the country." (ECF No. 37-1 at 4.) Plaintiff cites no authority illustrating this purported "disagreement," besides reminding the Court that, as the Court noted in its Order denying the Motion to Remand, the United States Court of Appeals for the Ninth Circuit has yet to address the permissibility of snap removal. *Id.* (citing ECF No. 35 at 10); *see Casola*, 98 F.4th at 965 ("[T]he final chapter on snap removals in the Ninth Circuit remains to be written[.]").

Defendants contend that Plaintiff cannot demonstrate that the second requirement for certifying an interlocutory appeal is satisfied because "neither a novel question of law nor a dispute amongst the circuit courts exist." (ECF No. 40 at 8.) Defendants contend that, although district courts within the Ninth Circuit have reached different conclusions on the permissibility of snap removal, a dispute among district courts is insufficient to establish a "substantial ground for difference of opinion." *See id.* at 8–9.

While Plaintiff correctly notes that the Ninth Circuit has not directly "spoken on the point" of snap removal, such a circumstance generally constitutes a "substantial ground for difference of opinion" only where "the circuits are in dispute on the question." *Couch*, 611 F.3d at 633. As the Court observed in its Order denying remand, four circuit courts "have interpreted § 1441(b)(2) to allow removal by a forum defendant when the defendant has not been properly joined and served." (ECF No. 35 at 12–13 (citing *Tex. Brine Co. v. Am. Arb. Ass'n, Inc.*, 955 F.3d 482, 487 (5th Cir. 2020); *Gibbons v. Bristol-Myers Squibb Co.*, 919 F.3d 699, 707 (2d Cir. 2019); *Encompass Ins. Co. v. Stone Mansion Rest. Inc.*, 902 F.3d 147, 152, 154 (3d Cir. 2018); *McCall v. Scott*, 239 F.3d 808, 813 n.2 (6th Cir. 2001)).) Plaintiff does not identify, and the Court is not aware of, a circuit court that has explicitly held snap removal impermissible.

Other district courts—including at least one other district court within the Ninth Circuit—have found that similar requests to certify orders concerning snap removal for interlocutory appeal have failed to establish a "substantial ground for difference of opinion." *See Toledo Cadena v. Polaris Indus.*, No. 3:23-cv-00443-YY, 2023 WL 11867112, at *1–2 (D. Or. Oct. 10, 2023) (noting the absence of a circuit split on the issue

of snap removal and explaining that "the Ninth Circuit has identified circuit splits as a basis for finding a 'substantial ground for difference of opinion' and has 'never suggested a split between or among district courts' could satisfy the standard for interlocutory appeal under § 1292(b)" (quoting *Fed. Energy Regul. Comm'n v. Vitol Inc.*, No. 2:20-CV-00040-KJM-AC, 2022 WL 583998, at *3 (E.D. Cal. Feb. 25, 2022))); *see also, e.g.*, *Gaarder v. Webster Univ.*, No. 4:23-cv-00191-SEP, 2023 WL 3790601, at *1 (E.D. Mo. June 2, 2023) ("Plaintiff cites no cases, and the Court is unaware of any, showing a 'substantial ground for difference of opinion' on the question whether snap removal violates the forum-defendant rule."); *Whipkey v. Eli Lilly & Co.*, No. 1:20-cv-00450-SEB-MPB, 2021 WL 11963021, at *2 (S.D. Ind. Mar. 16, 2021) ("[E]very appellate-level court to have addressed the issue has endorsed … a plain-text reading of the removal statute."). The Court finds Plaintiff has failed to demonstrate that the controlling law is so "unclear" that a "substantial ground for difference of opinion" exists on the subject of snap removal. *See Couch*, 611 F.3d at 633.

Plaintiff does not seem to contend that the other bases for establishing a "substantial ground for difference of opinion"—"complicated questions aris[ing] under foreign law" or "novel and difficult questions of first impression"—are applicable here. *Id.* In any event, the Court finds that the issue of snap removal involves no questions of foreign law and is not "novel." As Defendants point out, the Ninth Circuit described snap removal earlier this year as a "common practice." (*See* ECF No. 40 at 8 (quoting *Casola*, 98 F.4th at 964 n.17).)

Plaintiff accordingly fails to establish the second requirement for certifying an interlocutory appeal under § 1292(b).

### C.  Immediate Appeal to Materially Advance the Ultimate Termination of Litigation

To satisfy the third prerequisite for certifying an interlocutory appeal, the party seeking the appeal must show that "immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). This requirement "is satisfied when the resolution of the question 'may appreciably shorten the time, effort,

or expense of conducting' the district court proceedings." *ICTSI Or., Inc. v. Int'l Longshore & Warehouse Union*, 22 F.4th 1125, 1131 (9th Cir. 2022) (quoting *In re Cement Antitrust Litig.*, 673 F.2d at 1027).

Plaintiff contends that an interlocutory appeal "may materially advance the ultimate termination of the litigation in this Court." (ECF No. 37-1 at 5.) Plaintiff contends that "all of the work and expense that the parties will necessarily undertake—to obtain discovery, rulings on pre-trial motions, and conduct the actual trial—may all be for naught" if the Ninth Circuit does not consider the propriety of Tandem's snap removal until after this Court issues a final judgment. *Id.* Plaintiff predicts that Defendants will likely file motions to dismiss the SAC[4] and contends that, due to the different pleading standard in California state courts, "requiring Plaintiff to replead allegations to accord with a standard that may ultimately not apply unnecessarily prolongs the Ninth Circuit's inevitable consideration of the propriety of 'snap removal.'" *Id.* Plaintiff also notes that other related litigation concerning "the same substantive issues that are disputed in this case" is proceeding in the California Superior Court for San Diego County. *Id.*

Defendants contend that an interlocutory appeal on the snap removal issue "would only cause a delay" because the Ninth Circuit "would only be deciding if the case moves forward in state or federal court." (ECF No. 40 at 10.) Defendants contend that, on the other hand, if litigation continues in this Court and the Court grants their Motions to Dismiss the SAC, "dismissal would occur soon and this case would become appealable." *Id.* at 9. Defendants also contend that Plaintiff's argument about the differing pleading standard in California state courts is unavailing because Plaintiff's inability to "state a claim in this Court is no reason to delay ultimate termination of this litigation." *Id.* at 10.

Plaintiff fails to explain how his assertions regarding related litigation and the pleading standard in California state court demonstrate that an interlocutory appeal would

---

[4] As noted above, Defendants have since filed Motions to Dismiss the SAC that remain pending before the Court. (*See* ECF Nos. 41, 42.)

1  "materially advance the ultimate termination of the litigation." Furthermore, even if the
2  Ninth Circuit were to agree with Plaintiff's argument that Tandem's snap removal was
3  improper, this case would be no closer to reaching a resolution on the merits following an
4  interlocutory appeal. *See Alta Gold Mining Co. v. Aero-Nautical Leasing Corp.*, No. 3:13-
5  cv-00311-RCJ-VPC, 2013 WL 5671170, at *3 (D. Nev. Oct. 15, 2013) ("It is difficult to
6  imagine circumstances under which a nine-plus-month interlocutory appellate adjudication
7  of the antecedent jurisdictional issue of which court (federal versus state) should proceed
8  to determine the merits of a case would materially advance the ultimate termination of the
9  case."); *Weathersby v. Johnsondiversey, Inc.*, No. 2:08-cv-01196-FMC-RCx, 2008 WL
10 11338021, at *3 (C.D. Cal. July 9, 2008) ("[P]ermitting an immediate appeal of the Court's
11 order denying Plaintiff's motion to remand would stymie, rather than advance the ultimate
12 termination of the litigation on the merits, and would likely result in the unnecessary
13 expenditure of judicial resources at the appellate level."). In fact, if the Ninth Circuit "were
14 to agree that remand was not appropriate, the litigation will not have been advanced by an
15 immediate appeal but will have been considerably delayed." *Baker v. Amazon Logistics,*
16 *Inc.*, No. 23-3991, 2023 WL 7683823, at *6 (E.D. La. Nov. 15, 2023) (declining to certify
17 an interlocutory appeal of an order denying the plaintiffs' motion that sought remand, in
18 part, on snap removal grounds).

19      Plaintiff does not demonstrate that this is one of the "exceptional situations in which
20 allowing an interlocutory appeal would avoid protracted and expensive litigation." *In re*
21 *Cement Antitrust Litig.*, 673 F.2d at 1026. The Court accordingly finds that an interlocutory
22 appeal at this juncture would postpone consideration of the merits of this case and would
23 not materially advance the ultimate termination of the litigation.

24      In sum, Plaintiff fails to establish two of the three jurisdictional prerequisites for
25 certifying an interlocutory appeal under 28 U.S.C. § 1292(b). *See Couch*, 611 F.3d at 633
26 ("Certification under § 1292(b) requires the district court to expressly find in writing that
27 all three § 1292(b) requirements are met.").
28 / / /

## IV. CONCLUSION

IT IS HEREBY ORDERED that the Motion for Certification of Interlocutory Appeal (ECF No. 37) is denied.

Dated: October 22, 2024

                                                       *William Q. Hayes*
Hon. William Q. Hayes
United States District Court